UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
LUIS ERNESTO FLORES,            Chapter 7
    DEBTOR.                     Case No. 13-16079-WCH

_____

SEGA AUTO SALES, INC.
    PLAINTIFF,

v.                              Adversary Proceeding
                                Case No. 13-01441

LUIS ERNESTO FLORES
    DEFENDANT.

_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matters before the Court are the "Defendant's Motion and Memorandum of Law for Summary Judgment," (the "Motion for Summary Judgment") filed by Luis Ernesto Flores (the "Debtor"), the "Plaintiff's Opposition to Motion for Summary Judgment" (the "Opposition"), filed by Sega Auto Sales, Inc. (the "Plaintiff"), the "Plaintiff's Motion for Sanctions" (the "Motion for Sanctions"), and the "Defendant's Opposition to Motion for Sanctions" (the "Opposition to Sanctions"). Through his motion, the Debtor seeks a declaration that a debt he owes the Plaintiff is not excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4). The Plaintiff opposes summary judgment and seeks sanctions pursuant to Fed. R. Bankr. P. 9011 and 7037 on the grounds that the Motion for Summary Judgment is frivolous and

1

without a good-faith basis. For the reasons set forth below, I will enter an order granting in part and denying in part the Motion for Summary Judgment and denying the Motion for Sanctions.

## II. <u>BACKGROUND</u>

The parties filed an Amended Joint Pre-Trial Statement (the "Joint Statement") reciting undisputed facts.[1] In Section II of the Joint Statement, which bears the heading "[t]he following facts are admitted and require no proof," the parties reference the Debtor's answers to interrogatories that the Plaintiff attached to its Opposition.[2] The parties state "[a]lthough [the Debtor] did not sign these interrogatory answers, the answers represent his sworn testimony."[3] Thus, I will accept that the Debtor gave those answers as an admitted fact, although the answers themselves are not necessarily true. Pursuant to Local Rule 56.1 of the United States District Court for the District of Massachusetts,[4] both the Motion for Summary Judgment and the Opposition contain statements of undisputed fact. The facts stated therein are deemed admitted to the extent they are "not controverted by an opposing statement."[5]

The Debtor is the sole officer and director of A International Collision Center Corporation ("ICC").[6] In 2011, the Debtor and the Plaintiff's president, Gilson Queiroga ("Queiroga"), met through a mutual acquaintance.[7] On July 22, 2011, the Plaintiff wrote a check

---

[1] Joint Statement, Docket No. 34.

[2] *Id*. at ¶ II.33.

[3] *Id*.

[4] Adopted and made applicable to proceedings in the Bankruptcy Court by MLBR 7056-1; *see In re Albright*, No. 11–20457–WCH, 2013 WL 6076696 *1(Bankr. D. Mass. Nov. 19, 2013).

[5] *In re Albright*, 2013 WL 6076696 at *1.

[6] Joint Statement, Docket No. 34 at ¶¶ II.1-II.6.

[7] *Id.* at ¶ II.4.

payable to the Debtor in the amount of $15,000 (the "Sega Check").[8] The parties agree that the check represented a loan to the Debtor.[9] Queiroga wrote on the memo line of the check "boro [sic] for 4 months."[10] The Debtor accepted and deposited the check.[11]

On account of the loan, the Debtor, acting as ICC's principal, issued a series of checks from ICC's checking account payable to the Plaintiff. The first check (the "First ICC Check") was written on the same day the loan was made. The First ICC Check was for $15,000, with a memo line stating that the check was "a loan warranty."[12] The parties agree that the Debtor's bank account lacked sufficient funds for the Plaintiff to negotiate the First ICC Check on that date.[13] On August 22, 2011, the Debtor, through ICC, gave the Plaintiff a second check (the "Second ICC Check"), in the amount of $1,500.[14] The Debtor noted that the check was a loan repayment in the memo line.[15] A third check (the "Third ICC Check"), which was undated, was written to Queiroga in the amount of $8,000.[16] The Debtor again noted in the memo line that the check was a loan repayment and signed the check.[17] On April 23, 2012, the Debtor gave the Plaintiff a fourth check (the "Fourth ICC Check") for $8,000 to be drawn on the same bank

---

[8] *Id.* at ¶ II.7.

[9] *Id.* at ¶ II.8.

[10] *Id.* at ¶ II.10.

[11] *Id.* at ¶ II.11.

[12] *Id.* at ¶¶ II.12-15.

[13] *Id.* at ¶ II.16.

[14] *Id.* at ¶¶ II.17-18.

[15] *Id.* at ¶ II.19.

[16] *Id.* at ¶¶ II.21-22.

[17] *Id.* at ¶¶ II.23-24.

3

account as the Third ICC Check.[18] Again, the Debtor signed the Fourth ICC Check and noted that it was for loan repayment in the memo line.[19] The parties agree that the Fourth ICC Check lacked sufficient funds at the time it was written, and the Plaintiff was not able to deposit the Fourth ICC Check.[20] Finally, on April 30, 2012, the Debtor gave the Plaintiff a check from ICC (the "Fifth ICC Check"),[21] but the parties did not state the amount of the check in the Joint Statement.

During the same period in which the Debtor gave the Plaintiff the ICC checks, the Debtor also defaulted on a promissory note owed to CAP Financial Services, Inc. and failed to pay rent owed to W.F. Lacey & Sons Co. for a commercial property.[22]

On or around June 20, 2012, a criminal complaint was filed against the Debtor in the Massachusetts District Court in Malden (the "District Court").[23] The Application listed "Lt. Ruelle/Off. Law" in a box labeled "Complainant Name."[24] The Debtor filed a Motion to Dismiss, and the District Court allowed the Motion to Dismiss on March 19, 2013.[25] The cause for dismissal is not in the record before me.

On October 17, 2013, the Debtor filed his Chapter 7 voluntary petition. The Plaintiff filed the present adversary proceeding on December 23, 2013. In its Complaint, the Plaintiff

---

[18] *Id.* at ¶¶ II.25-26.

[19] *Id.* at ¶¶ II.27-28.

[20] *Id.* at ¶¶ II.27-30.

[21] *Id.* at ¶ II.31.

[22] *Id.* at ¶ II.34-35.

[23] Motion for Summary Judgment, Docket No. 37 at 2; Opposition, Docket No. 40 at 1.

[24] *See id.*

[25] Motion for Summary Judgment, Docket No. 37 at 2; Opposition, Docket No. 40 at 2.

sought an exception to the Debtor's discharge pursuant to 11 U.S.C. 523 §§ (a)(2)(A), (a)(4), and (a)(6).[26] The Plaintiff asserts that its debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) because the Debtor represented that the loan would be repaid within four months when he had no intention to repay the loan at the time the representation was made.[27] Furthermore, the Plaintiff alleges that the Debtor recklessly disregarded the truth when he promised to repay the loan, and that the Plaintiff incurred damages as a result of its reasonable reliance on the promise to repay.[28] Alternatively, the Plaintiff argues that the Debtor's soliciting of a loan he did not intend to repay and the resulting permanent deprivation constituted larceny, thus rendering the debt non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).[29] Finally, the Plaintiff contends the Debtor's solicitation of the loan without the intent or the ability to repay and his subsequent failure to repay it is a willful and malicious injury, meaning the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).[30]

The Debtor filed his Motion for Summary Judgment on October 29, 2014.[31] The Plaintiff filed its Opposition[32] on November 13, 2014, and his Motion for Sanctions[33] on the same date.

---

[26] Complaint, Docket No. 1 at 4-5.

[27] Complaint, Docket No. 1 at 2.

[28] *Id.* at 4.

[29] *Id.*

[30] *Id.* at 5.

[31] Motion for Summary Judgment, Docket No. 37.

[32] Opposition, Docket No. 40.

[33] Motion for Sanctions, Docket No. 41.

The Debtor filed his Opposition to Sanctions on November 28, 2014.[34] On December 3, 2014, I held a hearing and, at its conclusion, took the matter under advisement.

### III. POSITIONS OF THE PARTIES

A. The Debtor

At the outset, I note that the Motion for Summary Judgment does not enumerate the causes of action for which the Debtor seeks summary judgment or state that he seeks summary judgment on all of the Plaintiff's causes of action. The Debtor discusses larceny and fraud in his motion, but never mentions any law or facts related to a willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6). Therefore, I will construe his motion as seeking summary judgment on the 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) causes of action, but not the (a)(6) causes of action.

The Debtor first asserts in his Motion for Summary Judgment that collateral estoppel applies to the District Court's dismissal of the criminal complaint for larceny by check.[35] Therefore, he argues, I must determine that the Debtor did not commit larceny and that 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) does not except his debt to the Plaintiff from discharge. He states that the District Court "found no basis for the fraud allegations, and allowed the Defendant's Motion to Dismiss."[36] For that reason, according to the Debtor, I am also precluded from determining that the debt is not dischargeable on the basis of fraud. He does not specify the nature of the fraud allegations, if any, for which the District Court found that there was no basis.

The Debtor also claims that the Plaintiff has failed to plead the circumstances constituting fraud with particularity.[37] In support of that claim, he states that the District Court found that the

---

[34] Opposition to Sanctions, Docket No. 45.

[35] *See* Motion for Summary Judgment, Docket No. 37 at pg. 3.

[36] *Id.* at 6.

[37] *Id.*

6

Debtor did not commit fraud, and that the Plaintiff has not asserted any new facts to support the Plaintiff's assertion that the Debtor committed fraud.[38] The Debtor attached an affidavit to the Motion for Summary Judgment, stating that the District Court dismissed the criminal complaint and asserting that the Debtor "did not at any time intentionally, fraudulently write checks to the Plaintiff."[39] The Debtor believes this affidavit negates the allegations in the Plaintiff's Complaint and shows that the Plaintiff will not be able to prove any elements of its case.[40]

Finally, the Debtor takes the position that the terms of the loan changed after the Plaintiff made the loan.[41] Through this line of argument, he seems to assert either that he is not, in fact, in debt to the Plaintiff or that the amount of the debt is lower than the Plaintiff claims. According to the Debtor, at some point the Debtor agreed to allow the Plaintiff to "use the front of the building to conduct his auto sales."[42] It is unclear to what building the Debtor refers. The Debtor further states:

> Plaintiff also solicited work from [the Debtor] on his vehicles . . . . Because of this, the Plaintiff and [the Debtor] made a subsequent agreement where [the Debtor] would pay money to Plaintiff in cash and then Plaintiff would return the check to [the Debtor]. Plaintiff received such money and never returned the checks.[43]

Which check or checks the Debtor is referring to is unclear. Regardless, he contends that the Plaintiff received payments and was unjustly enriched by the services and payments the Debtor

---

[38] *Id.* at 6-7.

[39] *See id.* at Ex. 4.

[40] *See id.* at 8.

[41] *See* Answer, Docket No. 5 at 4; Joint Statement, Docket No. 34 at 1.

[42] Answer, Docket No. 5, at 4; *see also* Joint Statement, Docket No. 34 at 1-2.

[43] Answer, Docket No. 5, at 4.

allegedly provided.[44] The Debtor believes that he is therefore entitled to summary judgment in his favor.

The Debtor's Opposition to Sanctions repeats the allegation in its Motion for Summary Judgment that the Plaintiff is "attempting a second bite at the apple" through the present adversary proceeding because the District Court already resolved the matter.[45] He further states that there is no requirement that the inadequacy of the fraud allegations be raised in a motion to dismiss rather than a motion for summary judgment.[46] Finally, the Debtor contends that the Plaintiff misunderstood the Debtor's arguments, stating "11 U.S.C. § 523 . . . lends itself to revocation of a specific debt that was discharged, creating the revocation . . . under 11 U.S.C. § 727(d)(1)."[47] Accordingly, the Debtor requests that I deny the Motion for Sanctions.

B. The Plaintiff

In its Opposition, the Plaintiff argues that collateral estoppel does not apply.[48] First, it asserts that it was not a party to the criminal complaint.[49] Rather, the Commonwealth of Massachusetts alone brought the Complaint against the Debtor. Second, the Plaintiff argues that a ruling in a criminal case is not preclusive in a civil case because different burdens of proof apply.[50] Third, the Plaintiff argues that collateral estoppel applies only when the same rules of

---

[44] See id. at 5.

[45] Opposition to Sanctions, Docket No, 45, 2-3.

[46] Id. at 5.

[47] Id. at 4.

[48] Opposition, Docket No. 40 at 4-10.

[49] Id. at 5.

[50] Id. at 6-8.

8

procedure are in effect.[51]   Therefore, according to the Plaintiff, the dismissal of the criminal complaint has no preclusive effect.

Additionally, the Plaintiff posits that, pursuant to 11 U.S.C § 523(a)(4), larceny does not require a showing of fraudulent intent, and, therefore, it was not required to plead that cause of action with particularity.[52]  With respect to 11 U.S.C. § 523(a)(2)(A), the Plaintiff disputes the Debtor's assertion that it failed to plead fraud with particularity.  The Plaintiff asserts that the facts supporting its claim of fraud in the Complaint include the date of the Debtor's loan solicitation, the Debtor's representation of his intent to repay the loan, the Plaintiff's actions in reliance on the Debtor's representations, the date the Plaintiff relied on those representations, the Debtor's tender of bad checks as loan repayments, and the damages the Plaintiff incurred.[53]  Therefore, the Plaintiff urges, it did plead fraud with particularity.

Finally, the Plaintiff criticizes the Debtor's reference to his own affidavit as evidence that the Plaintiff cannot prove any of the elements of its case.[54]   The Plaintiff argues that the discovery record and facts the parties stipulated to in the Joint Statement demonstrate the Debtor's intent to mislead the Plaintiff and convert the Plaintiff's money.  The Plaintiff believes the record also shows the Debtor borrowed the funds at a time when he was unable to repay the Plaintiff, was not filing tax returns, did not have a personal bank account, and had a corporate bank account with a negative balance.  Accordingly, there is no undisputed record that supports a ruling in the Debtor's favor.

---

[51] *Id.* at 8-9.

[52] *Id.* at 9-10.

[53] *Id.* at 10-11.

[54] *Id.* at 13.

In its Motion for Sanctions, the Plaintiff argues that it is entitled to attorney's fees it incurred while responding to the Motion for Summary Judgment and any other sanctions I find appropriate.[55] It asserts that the Debtor disingenuously failed to state that the District Court case was a criminal case.[56] The Plaintiff also criticizes the Debtor for asserting that the Plaintiff failed to plead fraud with particularity in his Motion for Summary Judgment rather than a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[57] It complains that the Debtor discussed 11 U.S.C. § 727 rather than the Plaintiff's 11 U.S.C. § 523 causes of action in its Motion for Summary Judgment. Furthermore, the Plaintiff believes the Debtor did not have a good-faith basis for the arguments made in his Motion for Summary Judgment as Fed. R. Bankr. P. 9011(b) requires. Finally, the Plaintiff asserts that I "may reasonably infer a pattern of delay and disruption" in the Debtor's behavior during discovery,[58] which I will construe as a request for sanctions pursuant to Fed. R. Bankr. Pro. 7037. In support, the Plaintiff notes that I previously allowed a Motion to Compel after the Debtor delayed responding and refused to answer some discovery requests.[59] Therefore, the Plaintiff believes I should grant its motion

## IV. DISCUSSION

### A. The Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[60] A

---

[55] Motion for Sanctions, Docket No. 41, at 1-2.

[56] *Id*.

[57] *Id.* at 3.

[58] *Id*.

[59] Order to Compel Discovery Responses, Docket No. 20.

[60] Fed. R. Civ. P. 56(a), made applicable to adversary proceedings by Fed. R. Bankr. P. 7056.

dispute is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the non-moving party.[61] "At the summary judgment stage, the judge's function is not himself to weight the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[62] A fact is material if it has the potential to determine the outcome of the suit under the governing law.[63] The moving party bears the initial burden of demonstrating that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact."[64] Additionally, the moving party must produce evidence sufficient to meet "the substantive evidentiary standard of proof that would apply at the trial on the merits."[65] "The mere existence of a scintilla of evidence will be insufficient."[66] Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[67] The Supreme Court has held "[there is] no express or implied requirement . . . that the moving party support its motion with . . . materials *negating* the opponent's claim."[68]

---

[61] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[62] *Id.* at 249.

[63] *Id.*

[64] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[65] *Anderson*, 477 U.S. at 252.

[66] *Id.*

[67] *Celotex*, 477 U.S. 317 at 322.

[68] *Id.* at 323 (emphasis in original).

B.  Collateral Estoppel

The Debtor seeks summary judgment on the basis of collateral estoppel. Collateral estoppel, or issue preclusion, "bars re-litigation of either a factual or legal issue that was actually decided in previous litigation 'between the parties, whether on the same claim or a different claim.'"[69] The Supreme Court has held that collateral estoppel applies to non-dischargeability actions in bankruptcy cases.[70]

When determining whether a party is estopped from re-litigating an issue decided in a prior state court action, a bankruptcy court must look at the state law of collateral estoppel.[71] In Massachusetts, for collateral estoppel to apply, a court must determine that:

> (1) there was a valid and final judgment on the merits; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior litigation; (3) the issue in the prior adjudication is identical to the issue in the current litigation; and (4) the issue in the prior litigation was essential to the earlier judgment."[72]

The guiding principle in determining if collateral estoppel applies is whether the party against whom it is asserted had a "full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue."[73] Courts have held, however, "relitigation in a subsequent proceeding is *not* precluded when '[t]he

---

[69] *See Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994) (*quoting* Restatement (Second) of Judgments, § 27 (1982)).

[70] *See Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991).

[71] *McCrory v. Spigel (In re Spigel)*, 260 F.3d 27, 33 (1st Cir. 2001).

[72] *Backlund v. Stanley-Snow (In re Stanley-Snow)*, 405 B.R. 11, 18 (B.A.P. 1st Cir. 2009).

[73] *Id.* (citing *Treglia v. MacDonald*, 430 Mass. 237 (1999)).

12

party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action."[74]

In the criminal action against the Debtor, the prosecution had to prove the elements of larceny by check "beyond a reasonable doubt."[75] Here, the Plaintiff need only prove the elements required to establish non-dischargeability of the debt owed to him by a preponderance of the evidence.[76] Therefore, collateral estoppel does not apply to the District Court's dismissal of the criminal complaint.

    C.  <u>11 U.S.C. § 523(a)(2)(A)</u>

Pursuant to 11 U.S.C. § 523(a)(2)(A), a debt owed due to "false pretenses, a false representation, or actual fraud" is excepted from a debtor's discharge. An allegation that a debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) sounds in fraud and thus requires the party bringing the cause of action to state the circumstances constituting it with particularity.[77] Here, the Plaintiff's Complaint alleges specific facts that he claims constitute fraud. For example, the Complaint alleges that the Debtor solicited a loan on a certain date, promised to repay the Plaintiff within four months, wrote checks labeled as payments that the Creditor could not cash, and lacked the means to repay the loan at the time he solicited it.[78] I find that the Plaintiff has pleaded sufficient facts to satisfy the heightened pleading standard.

---

[74] *Cogliano v. Dixon*, No. 0103672, 20 Mass. L. Rprt. 639 at *6 (Super. Ct. March 14, 2006) (citing *Jarosz v. Palmer*, 436 Mass. 526, 532 (2002)); *see also Neaderland v. C.I.R.*, 424 F.2d 639, 642 (2d Cir. 1970) (holding that an acquittal meant "an accused is not proven guilty . . . beyond a reasonable doubt, and [a plaintiff] is not foreclosed thereby from attempting to show fraud . . . against the same defendant by a preponderance of the evidence.").

[75] *In re Winship*, 397 U.S. 358, 361(1970).

[76] *See Grogan*, 498 U.S. at 286.

[77] *See* Fed. R. Civ. P. 9(b) (made applicable in bankruptcy by Fed. R. Bankr. P. 7009); *Meads v. Ribeiro*, No. 11–11177–FJB, 2014 WL 2780027 at *10, (Bankr. D. Mass. June 19, 2014).

[78] *See* Complaint, Docket No. 1, pg. 2-3.

To determine whether a debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), the Court of Appeals for the First Circuit has provided the following test in *Palmacci v. Umpierrez*:

> A defendant will be liable if (1) he makes a false representation, (2) he does so with fraudulent intent, i.e., with "scienter," (3) he intends to induce the plaintiff to rely on the misrepresentation, and (4) the misrepresentation does induce reliance, (5) which is justifiable, and (6) which causes damage (pecuniary loss).[79]

The burden of proof rests with the Plaintiff, who must prove each requirement by a preponderance of the evidence.[80] To succeed on his Motion for Summary Judgment, the Debtor must demonstrate that, for each requirement, no genuine issue of material fact remains and the the Plaintiff cannot prove the requirement by a preponderance of the evidence.[81]

Here, numerous genuine issues of material fact remain. For example, the parties disagree as to whether the repayment terms of the loan changed after the Plaintiff loaned the money and whether the Debtor made any cash payments. These facts are material to determining if the Plaintiff incurred any damage, if the Debtor acted with scienter, and if the Debtor made a false representation. Similarly, it is unclear from the record if the Plaintiff was aware of the Debtor's financial position at the time of the loan. This effects whether the Debtor made a false representation, acted with scienter, or if the Plaintiff reasonably relied on any promise of repayment the Debtor made. Other genuine issues of material fact relevant to this cause of action include, but are not necessarily limited to, whether the Debtor indeed promised to repay the loan within four months and whether the Debtor intended to repay the loan. Accordingly, summary judgment for 11 U.S.C. § 523(a)(2)(A) is denied.

---

[79] *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997).

[80] *Id.* at 787.

[81] *See id.* at 787-88; *Celotex* 477 U.S. 317 at 322.

D. 11 U.S.C. § 523(a)(4)

Section 523(a)(4) creates an exception to discharge for a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."[82] The Plaintiff only asserted larceny in its Complaint. The elements of larceny pursuant to 11 U.S.C. § 523(a)(4) are a question of federal law.[83] Under federal law, larceny is "the (1) wrongful taking of (2) property (3) of another (4) without the owner's consent (5) with intent to convert the property."[84] The appropriation of property must have been done with fraudulent, or felonious, intent.[85] Again, obtaining an exception to discharge requires a plaintiff to prove each element on a preponderance of the evidence.[86]

The parties here do not dispute that the Plaintiff willingly loaned the Debtor $15,000. Thus, the Debtor did not wrongfully take the Plaintiff's property. Rather, the Debtor obtained the funds loaned to him with the Plaintiff's consent. Accordingly, the Plaintiff cannot prove the first element of larceny pursuant to 11 U.S.C. § 523(a)(4) by a preponderance of the evidence.[87]

---

[82] 11 U.S.C. § 523(a)(4).

[83] *Faria v. Silva (In re Silva)*, 12-17413-WCH, 2014 WL 217889, *9 (Bankr. D. Mass. Jan. 21, 2014); *Hancock v. Caliri (In re Caliri),* 335 B.R. 2 at 12 (Bankr. D. Mass. 2005).

[84] *In re Silva* 2014 WL 217889, at *9 (Bankr. D. Mass. Jan. 21, 2014); *Bauer v. Colokathis (In re Colokathis)*, 417 B.R. 150, 161 (Bankr. D. Mass. 2009).

[85] *See, e.g., Orumwense-Lawrence v. Osula (In re Osula)*, 519 B.R. 361, 377-78 (Bankr. D. Mass. 2014); *Rick v. Davenport (In re Rick)* 10-30288, 2011 WL 1321361, *5 (Bankr. D.N.D. April 6, 2011); *Treadwell v. Glenstone Lodge, Inc. (In re Treadwell)*, 459 B.R. 394, 406 (Bankr. W.D. Mo. 2011).

[86] *Grogan*, 498 U.S. at 287-88.

[87] *See, e.g., In re Silva*, 2014 WL 217889, at *9 (denying an exception to discharge for larceny when a plaintiff voluntarily signed over a check to a debtor who promised but failed to re-pay the loan two days later); *USAlliance Fed. Credit Union v. Stinson (In re Stinson)*, 09-12697-FJB, 2012 WL 359917, at *6 (Bankr. D. Mass. Feb. 2, 2012)(denying an exception to discharge for larceny when a bank voluntarily advanced loan proceeds that joint debtors failed to repay); *Thompson v. Barbee (In re Barbee)*, 479 B.R. 193, 199 (Bankr. S.D. Georgia. 2012) (denying an exception to discharge when a debtor violated conditions for receipt of a loan a bank made voluntarily); *Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur)*, 482 B.R. 15, 31 (Bankr. D. Mass. 2012) (denying an exception to discharge on the basis of larceny when a bank mistakenly but voluntarily gave the debtor funds from a line of credit that should have been closed).

Therefore, the debt owed to the Plaintiff will not be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4). I will grant summary judgment on this claim in the Debtor's favor.

E. The Motion for Sanctions

Fed. R. Bankr. P. 9011(c) authorizes bankruptcy courts to grant sanctions for violations of Fed. R. Bankr. P. 9011(b)'s requirements, which include that "the claims, defenses, and other legal contentions [in a motion] . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . . ."[88] What sanctions, if any, are appropriate to impose is left to the discretion of the court.[89] Additionally, Federal R. Civ. P. 37[90] allows sanctions for a party's failure to cooperate in discovery.

Admittedly, the Debtor's Motion for Summary Judgment was inartfully drafted. Regardless, in light of my decision to grant the motion in part, I find that it clearly was supported by nonfrivolous arguments. The Plaintiff is not entitled to sanctions pursuant to Fed. R. Bankr. P. 9011. Furthermore, I do not find at this time that the Debtor's behavior has been sufficiently uncooperative to warrant an award of sanctions to the Plaintiff pursuant to Fed. R. Civ. P. 37. Therefore, the Motion for Sanctions is denied.

---

[88] Fed. R. Bankr. P. 9011(b) and (c).

[89] *See Lafayette v. Collins (In re Withrow)*, 405 B.R. 505, 514 (B.A.P. 1st Cir. 2009) (citing *In re Thomson*, 329 B.R. 359, 362 (Bankr. D. Mass. 2005).

[90] Fed. R. Civ. P. 37 (made applicable in adversary proceedings by Fed. R. Bankr. P. 7037).

16

## V. CONCLUSION

In light of the foregoing, I will enter an order granting the Debtor's Motion for Summary Judgment as to 11 U.S.C. § 523(a)(4), denying the Debtor's Motion for Summary Judgment as to 11 U.S.C. § 523(a)(2)(A), and denying the Plaintiff's Motion for Sanctions.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: February 5, 2015

Counsel Appearing:

    Peter Cole, Law Office of Peter Cole, Allston, MA
        for the Plaintiffs
    Robert V. Whynott, Gloucester, MA
        for the Debtor/Defendant